IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON BOOKER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-2786 |
| | : | |
| TOWNSHIP OF CINNAMINSON | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                **October 5, 2012**

      Defendant Township of Cinnaminson (the Township) asks this Court to dismiss Plaintiff Jason Booker's Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), respectively, or, alternatively, to transfer this case to the United States District Court for the District of New Jersey. Because this Court cannot exercise personal jurisdiction over the Township, the Court will transfer this case to the District of New Jersey.[1]

**FACTS**[2]

      On November 20, 2011, Booker, a resident of Philadelphia, Pennsylvania, "submitted an application for a Used Car Lot license in Cinnaminson Township." Compl. 2. On November 26, 2011, Booker received a letter from the Township at his address in Pennsylvania denying his application because of his criminal background. Over the next two months, Booker sent several follow-up letters to the Township regarding his application, in response to which the Township sent

---

[1] The Court need not address the Township's arguments for lack of subject matter jurisdiction and improper venue as transferring this case to the District of New Jersey renders those defenses moot.

[2] When considering a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true the well-pleaded factual allegations of the complaint. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

Booker two additional letters. Booker filed a Complaint in the Philadelphia Court of Common Pleas alleging the Township denied the application because of his race and personal history in violation of his rights under the United States Constitution. The Township removed the case to this Court and filed the instant motion to dismiss.

**DISCUSSION**

Once personal jurisdiction is challenged, the burden falls on the plaintiff to establish its propriety. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). In the absence of an evidentiary hearing, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (citation omitted).

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *Id.* at 316. The Pennsylvania long-arm statute authorizes the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Therefore, to decide whether personal jurisdiction exists, this Court must determine whether The Township has "'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be exercised under two distinct theories: general jurisdiction and specific jurisdiction. "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For specific jurisdiction to exist: (1) "the defendant must

2

have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985). The first prong of the specific jurisdiction analysis requires the plaintiff to show the defendant "purposefully availed itself of the privilege of conducting activities within the forum," *O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), thus ensuring "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Burger King Corp.*, 471 U.S. at 475 (internal quotation marks and citations omitted).

Booker does not allege any contacts between the Township, a New Jersey municipality, and Pennsylvania, let alone "continuous and systematic" contacts, that would satisfy general jurisdiction. His argument for specific jurisdiction relies solely on the three letters sent from the Township to Booker in Pennsylvania—the initial letter rejecting Booker's application and two subsequent letters in response to his inquiries. At oral argument, Booker's counsel confirmed these letters were the only alleged contacts the Township had with Pennsylvania regarding the events underlying this case.

Three letters sent to Booker in Pennsylvania simply do not establish the minimum contacts necessary to exercise personal jurisdiction over the Township. *See, e.g.*, *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1076-77 (10th Cir. 1995) (rejecting argument that phone calls and 10 to 20 faxes alone established personal jurisdiction, noting "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts"); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994) ("[T]he use of interstate facilities such

as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process." (citations omitted)); *Cote v. Wadel,* 796 F.2d 981, 984 (7th Cir. 1986) (holding "handful of letters and phone calls" exchanged between plaintiff and foreign defendant were insufficient to establish jurisdiction). Moreover, the three letters sent to Booker were in response to Booker's unilateral activity, and thus do not demonstrate the Township deliberately targeted Pennsylvania with the purpose of availing itself of the benefits and protections of conducting activities therein. *See, e.g.*, *Reynolds*, 23 F.3d at 1119 (holding defendant's responses to plaintiff's requests for information did not establish minimum contacts with the forum because plaintiff's requests were unilateral acts); *Rodi v. S. New Eng. Sch. of Law*, 255 F. Supp. 2d 346, 350-51 (D.N.J. 2003) (holding contacts were insufficient where nonresident defendant law school sent plaintiff an acknowledgment letter and an acceptance letter in response to plaintiff's inquiries and application).

Insofar as Booker also argues personal jurisdiction is established because he experienced the Township's constitutional violations in Pennsylvania, this argument is unavailing. Under the "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984), even if the contacts with the forum alone are insufficient, a plaintiff can establish personal jurisdiction over a defendant by showing: "(1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998) (interpreting *Calder*). It is clear Booker has not shown the Township expressly aimed the allegedly tortious conduct at Pennsylvania. Rather, Booker has only

shown the Township rejected his application while he resided in Pennsylvania. *Compare Marten v. Godwin*, 499 F.3d 290, 298-99 (3d Cir. 2007) (holding the fact plaintiff resided in Pennsylvania alone was insufficient to show defendants' alleged retaliatory conduct was aimed at Pennsylvania, considering defendants could retaliate against plaintiff without "expressly aiming" their conduct at Pennsylvania); *with Calder*, 465 U.S. at 789-90 (affirming personal jurisdiction appropriately exercised in California where defendant journalists "expressly aimed" their alleged defamatory article at California, where plaintiff lived and worked). Assuming the Township in fact violated Booker's rights, it did so in New Jersey. The alleged unconstitutional conduct was not aimed at Pennsylvania such that Pennsylvania was the focal point of the conduct. This Court therefore cannot exercise personal jurisdiction over the Township.

A court lacking jurisdiction over a case may, in the interest of justice, transfer the case to any court in which it could have been brought at the time it was filed. 28 U.S.C. § 1631; *see also, e.g.*, *Stinnett v. Atl. City Showboat, Inc.*, No. 07-4743, 2008 WL 1924125, at *6 (E.D. Pa. Apr. 29, 2008) (transferring case pursuant to 28 U.S.C. § 1631 to cure want of personal jurisdiction). The Township concedes jurisdiction and venue would be proper in New Jersey, and transferring this case would serve the interests of justice by obviating the need for Booker to refile his Complaint in New Jersey. *See id.* Accordingly, this Court will transfer this case to the United States District Court for the District of New Jersey.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez  
Juan R. Sánchez, J.